IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS DEMOND ALBERTY<br>(BOP Register No. 47658-177),<br><br>Movant,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-1403-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Marcus Demond Alberty, a federal prisoner, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, asserting that his trial counsel was constitutionally ineffective. *See* Dkt. No. 1. His motion has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The government has filed a response in opposition. *See* Dkt. No. 6. Alberty has failed to file a reply brief, and the time to do has expired. *See* Dkt. No. 3. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the Section 2255 motion.

**Applicable Background**

Alberty pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and, although his Guideline sentence range was 180 to188 months, he was sentenced to a below-guidelines sentence of 84 months of

imprisonment. *See United States v. Alberty*, No. 3:14-cr-07-L (01) (N.D. Tex. Apr. 29, 2015). Alberty did not file a direct appeal. But his Section 2255 motion is timely. *See* 28 U.S.C. § 2255(f)(1).

**Legal Standards**

The Court reviews ineffective-assistance-of-counsel ("IATC") claims under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see id.* at 687-88. To be cognizable under *Strickland*, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The movant also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746,

752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

Although Alberty pleaded guilty, because his IATC assertions solely concern sentencing, the Court should consider the prejudice prong under *Strickland*, not under *Hill v. Lockhart*, 474 U.S. 52 (1985). *See, e.g., Alcala-Mendoza v. United States*, Crim. No. 6:10-118-9 & Civ. No. 6:13-44, 2013 WL 6491074, at *4 (S.D. Tex. Dec. 9, 2013); *Price v. United States*, No. 7:00CV00422, 2002 WL 130954, at *5 (W.D. Va. Jan. 31, 2002).

To demonstrate prejudice here, Alberty "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be

substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

## Analysis

Alberty claims that but for his trial counsel's alleged constitutionally-ineffective assistance he would not have been "an Armed Career Criminal" for sentencing purposes. *See generally* Dkt. No. 1.

Alberty is correct that three prior Texas convictions for possession with intent to distribute cocaine, *see* TEX. HEALTH & SAFETY CODE § 481.112(a) – each classified in the presentence report as a "serious drug offense" – subjected him to a 15-year minimum sentence under Section 924(e), *see* No. 14-cr-07-L (01), Dkt. No. 59-1, ¶¶ 24, 29, 33, & 35; *see also* 18 U.S.C. § 924(e)(2)(A)(ii). But the Court sentenced him to 84 months of imprisonment, well below the bottom-end of the Guidelines range.

As applicable here, a "serious drug offense" is defined by the Armed Career Criminal Act ("ACCA") as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Alberty argues that a Section 481.112(a) conviction cannot qualify as a "serious drug offenses" under this provision because, under Texas law, delivery is defined broader than under federal law. *See* Dkt. No. 1 at 5 (asserting that the applicable state-court judgments are unclear as to whether Alberty was convicted of actually delivering drugs).

But, as the government points out – at the time Alberty was convicted (and at

the time he filed his Section 2255 motion, and likely still today) – this argument was foreclosed by precedent in this circuit. *See United States v. Herrold*, 813 F.3d 595, 599-600 (5th Cir. 2016) ("The least culpable conduct covered by [Section 481.112(a) requires that a defendant] necessarily possessed the drugs he intended to distribute. Even if he never offered the drugs for sale, [that defendant's] conduct 'involved possessing with intent to distribute.' [A Section 481.112(a)] conviction is therefore a serious drug offense under ACCA." (footnote, original brackets, and ellipses omitted)); *id.* (discussing *United States v. Vickers*, 540 F.3d 356 (5th Cir. 2008), in which the United States Court of Appeals for the Fifth Circuit "held that a conviction for 'delivery of a controlled substance' was a serious drug offense, despite the fact that someone could have been guilty by 'solely offering to sell a controlled substance' without possessing any drugs," because "'[b]eing in the drug marketplace as a seller – even if, hypothetically, the individual did not possess any drugs at that time' was the kind of criminal history that 'Congress was reaching by the ACCA'" (quoting *Vickers*, 540 F.3d at 363, 364, 365-66; ellipses omitted)).

The Supreme Court of the United States vacated the initial panel decision in *Herrold* and remanded the case for further consideration in light of *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016). *See Herrold v. United States*, 137 S. Ct. 310 (2016). On remand, however, defendant conceded "that his [Section 481.112(a)] conviction is unaffected by *Mathis*." *United States v. Herrold*, ___ F. App'x ___, No. 14-11317, 2017 WL 1326242, at *1 (5th Cir. Apr. 11, 2017), *reh'g en banc granted*, 2017 WL 3029054 (5th Cir. July 7, 2017).

But even if this now-vacated Fifth Circuit panel decision following remand from the Supreme Court does not confirm that Alberty's argument is foreclosed, his theory as to why his counsel was constitutionally ineffective does not prevail under *Strickland*'s performance prong, under which the Court "must make 'every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689; ellipses omitted).

As the Fifth Circuit explained in *Fields* – in which the movant argued that his counsel was ineffective for failing to anticipate that the Supreme Court would issue a decision that would "creat[e] a new and previously un-rejected basis for applying *Apprendi[ v. New Jersey*, 530 U.S. 466 (2000)] to the [federal sentencing [g]uidelines," *id.* at 293 (original bracket omitted) –

> the objective standard of reasonableness to which counsel are held requires that they research relevant facts and law, or make an informed decision that certain avenues will not be fruitful. Thus, solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention. Although a failure of counsel to be aware of prior controlling precedents in even a single prejudicial instance might render counsel's assistance ineffective under the Sixth Amendment, we have repeatedly held that there is no general duty on the part of defense counsel to anticipate changes in the law. Likewise, we have held that counsel is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected, or even for not raising every nonfrivolous ground that might be pressed on appeal.

*Id.* at 294 (citations, quotation marks, and brackets omitted); *see id.* at 296 ("Counsel is required to research facts and law and raise meritorious arguments based on

controlling precedent, but the law of this circuit is clear that counsel need not anticipate changes in the law or raise meritless objections. We have never adopted the position that counsel might render ineffective assistance by failing to raise an objection whose favorable resolution is foreclosed by existing law." (citations omitted)).

Like counsel in *Fields*, Alberty's trial counsel rendered advice based on then-controlling Fifth Circuit precedent that foreclosed the challenge Alberty now asserts that his trial counsel should have made – that a Section 481.112(a) conviction does not qualify as "serious drug offense" under Section 924(e)(2)(A)(ii). And – particularly considering Alberty's meager briefing against the shifts in sentencing-enhancement law in this circuit following *Mathis*, as somewhat demonstrated above – counsel cannot be constitutionally ineffective for failing to lodge objections anticipating that such precedent would be overturned. *Cf. United States v. McTizic*, 377 F. App'x 391, 393-94 (5th Cir. 2010) (per curiam) (holding that, even where a defendant provided sworn evidence describing "in detail how she was made aware of the potential impact of [a yet-to-be-decided Supreme Court decision] and communicated her request to her trial counsel that he file an objection based on the case," "[u]nder *Strickland*'s rigorous test," "the failure to raise what would have been a fruitless objection [does not amount] to ineffective assistance of counsel").

Alberty cannot therefore show constitutionally-deficient performance under *Strickland*.

**Recommendation**

The Court should deny the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE